Entered on Docket May 2, 2018

**Below is a Memorandum Decision of the Court.**

*Mary Jo Heston*
_____
**Mary Jo Heston**
**U.S. Bankruptcy Judge**
(Dated as of Entered on Docket date above)

___

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF WASHINGTON AT TACOMA

In re:

TIMOTHY RAYMOND BEIRD and
JONICA JAYE BEIRD,

Debtors.

Case No. 17-44497

**MEMORANDUM DECISION ON TRUSTEE'S OBJECTION TO DEBTORS' CLAIM OF EXEMPTION**

This matter came before the Court on March 6 and May 1, 2018, on the objection of the Chapter 7 Trustee ("Trustee") to the claim of exemption of Timothy and Jonica Beird ("Debtors"). After considering the pleadings and arguments presented, the Court's findings of fact and conclusions of law are as follows.

## BACKGROUND

The Debtors filed a voluntary Chapter 7 petition on December 2, 2017. On Schedule A/B, the Debtors listed "Garnished funds" in the amount of $3,726.08. The Debtors claimed an exemption in the garnished funds on Schedule C pursuant to 11 U.S.C. § 522(d)(5).[1] In Question 10 of the Statement of Financial Affairs ("SOFA"), the Debtors stated that Professional

___

[1] Unless otherwise indicated, all chapter, section and rule references are to the Federal Bankruptcy Code, 11 U.S.C. §§ 101 1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

MEMORANDUM DECISION ON
TRUSTEE'S OBJECTION TO
DEBTORS' CLAIM OF EXEMPTION - 1

Credit garnished $0.00 within 90 days of filing and that Columbia Collectors garnished $963.73 on December 1. No year was stated for the Columbia Collectors' garnishment, just the month and date.

On December 26, 2017, the Debtors filed amended Schedules A/B and C, increasing the amount of the garnished funds to $7,012.09. The increased amount was claimed as exempt on the amended Schedule C pursuant to § 522(d)(5). The docket text accompanying the filing of the amended Schedules A/B and C states, "*adjusting garnished wages*." There is no further explanation in the Schedules regarding the garnished funds, and the SOFA was not amended at that time.

The Debtors' meeting of creditors was held on January 10, 2018, and the Trustee's Report of No Distribution was entered on the docket on January 11, 2018. Debtors' counsel ("Counsel") did not personally appear at the meeting of creditors, but a non-affiliated attorney appeared in his place for a flat fee of $100. The Trustee represents that after the meeting of creditors, the Trustee learned that Counsel made demand on two entities to return garnished funds two days after the case was filed.[2] Counsel admits that the Debtors received $7,012.09 shortly thereafter and that $2,753 was paid to Counsel for services related to the Chapter 7 case and recovery of the garnished funds. On January 23, 2018, the Trustee withdrew his Report of No Distribution, and on January 25, 2018, he filed an objection to the Debtors' claim of exemption in the garnished funds.

On January 31, 2018, Counsel filed an Amended Disclosure of Compensation of Attorney for Debtor(s) ("Form 2030"). On February 6, 2018, the United States Trustee filed a motion mandating disgorgement of the fees paid by the Debtors to Counsel. The motion sought

---

[2] At the May 1, 2018 hearing, Counsel referred to email correspondence to the Trustee on the day of the meeting of creditors, prior to the meeting time. The Court was unable to locate any such correspondence in the record.

disgorgement of both a "Flat Fee" received by Counsel in the amount of $1,000 and an additional $1,753, which represented 25% of recovered garnished funds.

At a hearing held on March 6, 2018, the Court granted the United States Trustee's motion. An order was entered on March 13, 2018, requiring Counsel to disgorge $1,000 by cashier's check payable to the Debtors within ten days, and to file an amended disclosure of compensation "to disclose all compensation received from or on behalf of the Debtors in this case." Order Granting US Trustee's Motion 2:2-3, ECF No. 34. Counsel was further ordered to hold the sum of $1,753 in trust for the Trustee pending a continued hearing on the Trustee's objection to exemption. The hearing on the Trustee's objection was continued to May 1, 2018.

The Debtors filed an amended SOFA and second amended Form 2030 on March 15, 2018. The amended SOFA states that Professional Credit garnished $6,048.36 within 90 days of filing, as opposed to $0.00 as originally stated, and that Columbia Collectors garnished $963.73 on December 1. Again, no year was stated for the date of the Columbia Collectors garnishment. The second amended Form 2030 discloses a 25% recovery amount of $1,753 and the sources of recovery: $963.73 in garnished wages were recovered from Peacehealth[3] on December 8, 2017; co-Debtor received $2,762.55 from Professional Credit on December 15, 2017; and Debtors received $3,185.00 from Professional Credit on January 5, 2018.

## ANALYSIS

The Trustee filed an objection to the Debtors' exemption based not on the improper use of § 522(d)(5) or the amount claimed, but based on the procedure by which Counsel recovered and disbursed the garnished funds. The Trustee alleged that Counsel failed to properly and fully inform him of the facts regarding the amounts and sources of the garnished funds, which is critical information needed by the Trustee to perform his duties under § 704. Furthermore,

---

[3] No explanation was provided as to the relationship between Peacehealth and Columbia Collectors.

MEMORANDUM DECISION ON
TRUSTEE'S OBJECTION TO
DEBTORS' CLAIM OF EXEMPTION - 3

Counsel failed to timely notify the Trustee that he recovered funds in the amount of $7,012.09, retained his 25% recovery fee of $1,753, and disbursed the balance of the funds to his clients, all prior to the deadline for filing an objection to exemption under Rule 4003(b)(1). Finally, the Trustee argued that Counsel's procedure was contrary to the statutory scheme set forth in § 522(g), (h), and (i). At the hearing on May 1, 2018, the Trustee agreed that his objection was to Counsel's, not the Debtors', conduct.

Under § 522(g), the debtor may exempt under subsection (b) property that the trustee recovers, to the extent the debtor could have exempted the property under subsection (b), if certain criteria are met. Section 522(h) allows the debtor to avoid a transfer of property of the debtor, to the extent the debtor could have exempted the property under subsection (g)(1) if the trustee had avoided such transfer, if "the trustee does not attempt to avoid such transfer." Section 522(i) allows the debtor to recover a transfer the debtor avoids under subsection (h), and permits the debtor to exempt any property so recovered.

Both parties raised as an issue in this case—and one that likely exists in many chapter 7 cases—the issue of the chicken and the egg: Can the debtor claim an exemption in transferred funds first, and then pursue the transfer under § 522(h)? Or must the transferred funds be recovered first—whether by the trustee or the debtor—before the debtor can claim an exemption in such funds? The Court need not resolve this issue, however, because whether an exemption is claimed at the time the bankruptcy petition is filed or after transferred funds are recovered, it is clear from the unambiguous language in § 522(h) that the debtor should not be the party that avoids the transfer *unless* "the trustee does not attempt to avoid such transfer."

In this case, based on the record before the Court, it is undisputed that Counsel did not ask the Trustee if the Trustee intended to pursue the garnished funds; did not immediately inform the Trustee when he recovered $7,012.09 in garnished funds; and did not immediately inform the Trustee when he disbursed funds to his clients and himself. Counsel argued that it

is common practice to send demand letters to employers and creditors upon the filing of a bankruptcy, and that in his over 20 years of practice, the trustees did not object to him recovering fully exempt funds for the debtors. Counsel's argument, however, fails to acknowledge a debtor's duty to provide information under § 521 so that a trustee may fulfill his/her duties under § 704; fails to differentiate between sending demand letters and actually recovering transferred funds and disbursing funds to the debtor prior to the expiration of the exemption objection deadline without the trustee's clear permission; and fails to recognize the unambiguous mandate in § 522(h) that the debtor may not pursue a transfer unless the trustee does not attempt to avoid the transfer.

The Court appreciates that in the usual case, the trustee likely will not pursue garnished funds or other transfers to the extent they are fully exempt because the trustee would not be entitled to compensation under § 326(a) for such a recovery.[4] Nonetheless, the Code makes it clear that it is the trustee's prerogative and duty, not the debtor's or debtor's counsel, to determine whether to pursue such transfers. As the Trustee argued, a Chapter 7 trustee must have the opportunity to evaluate all assets of the estate, verify asset values scheduled by the debtor, review the validity of claimed exemptions, and then, with a full picture of the bankruptcy case, decide whether to pursue avoidance actions.

At the May 1 hearing, the Trustee acknowledged that he was seeking punishment against the Debtors for the shortcomings of Counsel. There is nothing in the record, however, to suggest that the Debtors were acting in a deceptive or underhanded manner as to the garnished funds. Additionally, consistent with the Trustee's Report of No Distribution filed on

---

[4] "In a case under chapter 7 or 11, the court may allow reasonable compensation . . . for the trustee's services . . . upon all moneys disbursed or turned over in the case by the trustee to parties in interest, <u>excluding the debtor</u>, but including holders of secured claims." § 326(a) (emphasis added).

MEMORANDUM DECISION ON
TRUSTEE'S OBJECTION TO
DEBTORS' CLAIM OF EXEMPTION - 5

January 11, 2018, there is nothing in the record to indicate that there are assets to be administered in this case.[5]

While the Court overrules the Trustee's objection in this case, the Court was clear at the hearing that going forward, in order to comply with the Code, debtor's counsel must timely and fully inform the trustee of the source and amounts of all transferred funds; must communicate with the trustee and verify whether the trustee has waived his/her right to pursue transferred funds; and must inquire whether the trustee has any further objections to the claimed exemptions before disbursing any funds received to the debtor. Only then may debtor's counsel act under § 522(h). To the extent a creditor immediately returns transferred funds to debtor's counsel upon a cease or demand letter sent at the time the petition is filed, debtor's counsel must immediately inform the trustee of this fact and hold these funds in the attorney's trust account pending an explicit waiver of the trustee to pursue the funds, or until expiration of the time to object to exemptions under Rule 4003(b) or resolution of any filed objection to exemption. Debtor's counsel may not disburse these funds to his/her clients or himself/herself, until such time.

Consistent with the Court's oral ruling on May 1, 2018, the Trustee's objection to exemption is overruled under the facts of this case. Further, Counsel may disburse to himself the $1,753 held in trust for services provided to recover the garnished funds.

/ / / End of Memorandum Decision / / /

---

[5] The Trustee also represented in open court that it would not be beneficial in this case for the Court to disgorge the $1,753 paid to Counsel for recovery of the garnished funds, as it would not produce any significant recovery to creditors.

MEMORANDUM DECISION ON
TRUSTEE'S OBJECTION TO
DEBTORS' CLAIM OF EXEMPTION - 6